UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB A. JOHNSTON,

        Plaintiff,

   v.

JANE DOE 1, et al.,

        Defendants.

Case No. C25-5393-JNW-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION AND BACKGROUND

Plaintiff Jacob Johnston, a prisoner incarcerated at Washington State Penitentiary in Walla Walla, Washington, proceeds pro se and *in forma pauperis* in this matter. On May 8, 2025, Plaintiff filed a proposed 42 U.S.C. § 1983 civil rights complaint. Dkts. 1 & 8. He named as Defendants Jane Doe 1, Jane Doe 2, John Doe, and Jane Doe 3. Dkt. 8. He identified Defendants as individuals who were employed by or otherwise associated with Maple Lane Detention Center or Naselle Youth Camp, two Washington State juvenile detention facilities, and alleged they subjected him to sexual harassment or other sexual misconduct during his detention at those facilities in or around 2009.

REPORT AND RECOMMENDATION - 1

On May 28, 2025, the Court issued an Order Declining to Serve and Granting Leave to Amend. Dkt. 12. In the Order, the Court identified deficiencies in the proposed complaint, including the failure to identify a viable defendant or an alleged constitutional violation, and an apparent statute of limitations issue. The Court directed Plaintiff to file an amended complaint correcting the identified deficiencies on or before June 27, 2025. The Court advised that, if no amended complaint was timely filed in response to the Court's Order, or if Plaintiff filed an amended complaint that failed to correct the deficiencies identified, the Court would recommend that this matter be dismissed.

On June 4, 2025, Plaintiff submitted a document in which he stated that he had no further information to provide the Court. Dkt. 14. Plaintiff also, on June 5, 2025, filed a proposed amended complaint, as well as an additional document in which he stated he had no other documents or information to provide. Dkt. 15.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to review Plaintiff's amended complaint to determine if he has stated any cognizable claims for relief in his pleading. Further, the Court must "dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. §1915(e)(2)(B) (calling for dismissal on these same grounds for proceedings IFP and notwithstanding any filing fee paid); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a § 1983 claim, Plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately

caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009). In this case, for the reasons discussed below, Plaintiff's proposed amended complaint does not meet these standards, and is subject to dismissal under 28 U.S.C. § 1915A(b).

A.     Named Defendants

Plaintiff identifies the following individuals as Defendants: (1) Jane Doe 1, nurse at Maple Lane Detention Center; (2) Jane Doe 2, counselor at Naselle Youth Camp; (3) John Doe, Department of Natural Resources employee working with Naselle Youth Camp; and (4) Jane Doe 3, physical education teacher at Maple Lane Detention Center. He provides some general physical descriptions of these individuals and the addresses of both facilities, while also noting that Naselle Youth Camp is currently closed. *See* Dkts. 8 & 15.

The use of "Jane Doe" or "John Doe" to identify defendants is disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). While the Court would permit the use of Jane and John Doe defendants until a plaintiff has an opportunity through discovery to identify the unknown individuals, Plaintiff has not named *any* of the individuals involved in his allegations. Therefore, there are at present no named defendants who can be served with the complaint. Without any named defendants, this case may not proceed.

B.     Allegations

Plaintiff does not identify a constitutional right he alleges has been violated. Nor is it entirely clear Plaintiff seeks to bring claims alleging violations of his federal constitutional

rights.[1] Without a constitutional basis for the claims raised, and specific, plausible facts to support those claims, this case may not proceed.

C.  Statute of Limitations

Plaintiff's proposed complaint also suggests a statute of limitations issue. Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). A three year statute of limitations applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Plaintiff here alleges wrongful conduct that took place in or around 2009, some sixteen years ago, and he does not identify any facts that would enable him to toll the statute of limitations. Plaintiff's claims therefore appear to be barred by the applicable statute of limitations.

CONCLUSION

The Court, in sum, finds that the proposed amended pleading fails to state a claim upon which relief may be granted. The Court therefore finds Plaintiff's claims subject to dismissal pursuant to 28 U.S.C. § 1915A(b), and recommends this case be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

---

[1] In the original proposed complaint, Plaintiff expressed interest in joining a class action lawsuit proceeding in state court and raising similar claims relating to Maple Lane Detention Center and Naselle Youth Camp. *See* Dkt. 4-1 at 6 (indicating he spoke to a law firm about his claims and was told he should contact them when he is released from prison) & Dkt. 4-4 at 1 (requesting either appointment of counsel or that he be added to an ongoing class action and referencing the same law firm). The Court advised Plaintiff that it lacks any jurisdiction over or involvement with any pending state court matter, and therefore could not grant Plaintiff's request that he be added to the ongoing class action lawsuit pending in state court. *See* Dkt. 12 at 3.

affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 30, 2025**.

Dated this 9th day of July, 2025.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5